# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL DEVELOPMENT CORPORATION,<br><br>Defendant. | Civil Action No. 4:22-cv-00518<br><br>Electronically Filed |

### DEFENDANT INTERNATIONAL DEVELOPMENT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant International Development Corporation ("IDC") files the following Answer and Affirmative Defenses to the Complaint filed by Charles Rice Kendall and Ann P. Hochberg, as Trustees for The Thomas E. Proctor Heirs Trust (the "PHT").

## ANSWER

1.  Denied. By way of further response, there is no dispute, IDC owns the subsurface estate in question.[1]

---

[1] IDC denies the Plaintiffs' footnote that there is a related case involving determination of title to oil, gas and mineral rights between the Plaintiffs and the Pennsylvania Game Commission pending at 1:12-cv-1567 (M.D.Pa.). As

## THE PARTIES[2]

2. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 2.

3. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 3.

4. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 4.

5. Admitted.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint sets forth a conclusion of law which is denied.

7. Paragraph 7 of the Complaint sets forth a conclusion of law which is denied.

## FACTUAL BACKGROUND

8. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 8.

---

adjudicated by the Pennsylvania Board of Property and affirmed by the Pennsylvania Commonwealth Court, the Game Commission has no interests in the oil, gas and minerals in the lands that are subject to this Complaint.

[2] Headings from the Complaint are used solely for ease of reference. Use of the headings does not constitute any admission by IDC to the propriety, agreement with and/or substance of those headings. All substantive content of headings is denied.

## I. The Proctor and Hill Holdings

9. Paragraph 9 of the Complaint references a written instrument which speaks for itself. Any characterizations thereof are denied.

10. Paragraph 10 of the Complaint references a written instrument which speaks for itself. Any characterizations thereof are denied.

11. Paragraph 11 of the Complaint references a written instrument which speaks for itself. Any characterizations thereof are denied.

12. Paragraph 12 of the Complaint references a written instrument which speaks for itself. Any characterizations thereof are denied.

13. Paragraph 13 of the Complaint references a written instrument which speaks for itself. Any characterizations thereof are denied.

14. Paragraph 14 of the Complaint references a written instrument which speaks for itself. Any characterizations thereof are denied.

## II. The Proctor and Hill Holdings

15. Paragraph 15 of the Complaint sets forth a conclusion of law which is denied.

16. Denied.

17. Paragraph 17 of the Complaint sets forth conclusions of law which are denied. All averments in Paragraph 17 about the purported conduct of County Commissioners and tax assessors are denied.

18. Paragraph 18 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. Therefore, Paragraph 18 is denied.

19. Paragraph 19 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. Therefore, Paragraph 19 is denied.

20. Paragraph 20 of the Complaint references written instruments which are not attached to the Complaint. The instruments speak for themselves and any characterizations thereof are denied. Moreover, "LeRoy Township assessment records" are not the same thing as Bradford County Assessment records that were identified in preceding paragraphs. Paragraph 20 is denied.

21. Paragraph 21 of the Complaint references written instruments which are not attached to the Complaint. These instruments speak for themselves and any characterizations thereof are denied. Paragraph 21 of the Complaint also sets forth conclusions of law. Therefore, Paragraph 21 is denied.

22. Paragraph 22 of the Complaint references written instruments which are not attached to the Complaint. These instruments speak for themselves and any characterizations thereof are denied. Paragraph 22 of the Complaint also sets forth conclusions of law. Therefore, Paragraph 22 is denied.

### III. CPLC Reported Its Interest in the Surface Estate

23.     Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 23.

24.     Paragraph 24 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. Therefore, Paragraph 24 is denied.

25.     Paragraph 25 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. Therefore, Paragraph 25 is denied.

26.     Paragraph 26 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. Therefore, Paragraph 26 is denied.

27.     Paragraph 27 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. Therefore, Paragraph 27 is denied.

28.     Paragraph 28 of the Complaint references written instruments which are not attached to the Complaint. These instruments speak for themselves and any characterizations thereof are denied. Paragraph 28 of the Complaint also sets forth conclusions of law. Therefore, Paragraph 28 is denied.

**IV. CPLC Has Its Attorney Purchase the Premises at a Tax Sale**

29. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of some of the averments in Paragraph 29. IDC denies that CPLC "allowed those warrants to be sold at a tax sale in June 1908". IDC admits that the properties that are subject to this Complaint were sold at a tax sale in June 1908.

30. Paragraph 30 of the Complaint sets forth conclusions of law about which are denied.

31. Paragraph 31 of the Complaint sets forth conclusions of law which are denied.

32. Paragraph 32 of the Complaint sets forth conclusions of law which are denied.

33. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of all of the averments in Paragraph 33. IDC admits that Calvin H. McCauley, Jr. purchased the properties that are subject to this Complaint at the identified June 8, 1908 tax sale and did so in his own name and not as an agent of any individual or entity.

34. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 34.

35. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of all of the averments in Paragraph 35. IDC admits that by deed dated December 6, 1910 and recorded in the Bradford County Recorder of Deeds at Book Volume 300, Page 401, Calvin H. McCauley, Jr. and Florence M. McCauley, his wife, conveyed the properties subject to this Complaint to CPLC.

36. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 36. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

37. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 37. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

38. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 38. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

39. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 39. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

40. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 40. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

41. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 41. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

42. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 42. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

43. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 43. To the extent that this averment is true, which IDC cannot determine, IDC denies that this averment has any bearing on the disposition of property that is subject to this proceeding.

**V. The CPLC Tax Sales Did Not Alter Title to the Subsurface Estate of the Premises**

44. Paragraph 44 of the Complaint sets forth conclusions of law which are denied. It is specifically denied that "CPLC correctly reported its interest in the surface estate only of the Premises" as pleaded.

45. Paragraph 45 of the Complaint sets forth conclusions of law which are denied. It is specifically denied that CPLC breached any "duty to report" as pleaded.

46. Paragraph 46 of the Complaint sets forth conclusions of law which are denied. It is specifically denied that CPLC breached any "duty to pay taxes" as pleaded.

47. Paragraph 47 of the Complaint sets forth conclusions of law which are denied. It is specifically denied that "the alleged outstanding taxes on the subject properties were paid by an agent of CPLC, which effectuate a 'redemption' under the law" as pleaded.

48. Paragraph 48 of the Complaint sets forth conclusions of law which are denied. It is specifically denied that "the Proctor and Hill heirs did not receive constitutional notice prior to the purported deprivation of their property" as pleaded.

49. Paragraph 49 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

50. Paragraph 50 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

51. Paragraph 51 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

52. Paragraph 52 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

**VI. IDC Claims Title to the Subsurface Estate of the Premises**

53. Paragraph 53 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied.

54. Paragraph 54 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied.

55. Upon information and reasonable belief, admitted.

56. Upon information and reasonable belief, admitted.

57. Upon information and reasonable belief, admitted.

58. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 58.

59. Upon information and reasonable belief, admitted.

60. Upon information and reasonable belief, admitted.

61. Paragraph 61 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied.

62. Upon information and reasonable belief, admitted.

63. Admitted.

64. Admitted.

65. Paragraph 65 of the Complaint references a written instrument which is not attached to the Complaint. The instrument speaks for itself and any characterizations thereof are denied. By way of further response, as determined by the Pennsylvania Board of Property and affirmed by the Pennsylvania Commonwealth Court, the referenced CPLC-PGC Deed did not convey oil, gas and mineral rights to the Commonwealth. It is IDC's position that those rights were held by CPLC at the time of the CPLC-PGC deed and excepted and reserved by CPLC, with those rights moving through the chain of title to IDC.

66. It is admitted that IDC brought claims against the Pennsylvania Game Commission before the Board of Property related to certain properties. The basis for IDC's claims and contentions are set forth in the proceedings before the Pennsylvania Board of Property and Pennsylvania Commonwealth Court.

67. Admitted. The PHT has no interests in the property that was subject to the "BOP Proceedings".

68. The Board of Property's determination speaks for itself.

69. Despite diligent inquiry, IDC is without sufficient information to form a belief about the truth or falsity of the averments in Paragraph 69.

70. The Commonwealth Court's determination speaks for itself.

## **COUNT I – QUIET TITLE**

71. Paragraph 71 is an incorporation paragraph which is denied. All paragraphs of this Answer are incorporated by reference as though set forth at length herein.

72. Paragraph 72 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

73. Paragraph 73 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

74. Admitted. By way of further response, IDC has title to the natural gas, oil and minerals in the Premises.

75. Paragraph 75 of the Complaint sets forth conclusions of law which are denied. It is specifically denied. By way of further response, there is no cloud on Plaintiffs' title to the oil and gas rights in the Premises because the Plaintiffs have no such rights.

76. Paragraph 76 is admitted insofar as IDC owns the oil and gas associated with the Premises and has the right to claim ownership and/or attempt to convey interests as it sees fit.

77. Paragraph 77 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

78. Paragraph 78 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

79. Paragraph 79 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

## COUNT II – DECLARATORY JUDGMENT

80. Paragraph 80 is an incorporation paragraph which is denied. All paragraphs of this Answer are incorporated by reference as though set forth at length herein.

81. Admitted insofar as the existence of the Complaint signifies the existence of a dispute.

82. Upon information and belief, Admitted. It is denied that the Plaintiffs hold title to the Subsurface Estate of the Premises.

83. Denied.

84. Denied as stated. IDC has title to the natural gas, oil and mineral rights in the Premises and that is the basis for its claims to the natural gas, oil and mineral rights in the Premises.

85. Paragraph 85 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

86. Paragraph 86 of the Complaint sets forth conclusions of law which are denied. It is specifically denied.

## PRAYER FOR RELIEF

WHEREFORE, IDC seeks entry of judgment in its favor and against the Plaintiffs on all Counts in the Complaint, all at the cost of the Plaintiffs, together with any and all other relief as may be appropriate. The Plaintiffs' prayer for relief is denied as a whole.

## AFFIRMATIVE DEFENSES

1. IDC incorporates its responses to Paragraphs 1 through 86 of the Complaint above.

2. All allegations not expressly admitted above are denied.

3. The Complaint does not state a claim upon which relief can be granted.

4. The Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

5. The Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

6. The Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

7. The Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

8. The Plaintiffs' claims are barred, in whole or in part, by the doctrine of abandonment.

9. The Plaintiffs' claims are barred, in whole or in part, by acquiescence.

10. The Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

11. The Plaintiffs' claims are barred, in whole or in part, by unclean hands.

12. The Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

13. The Plaintiffs' claims are barred, in whole or in part, by the failure to join necessary or indispensable parties.

14. The Plaintiffs' claims are barred, in whole or in part, by the doctrine of after-acquired title.

15. The Plaintiffs' claims are barred, in whole or in part, by bad faith conduct.

16. The Plaintiffs' claims are barred, in whole or in part, because the claims they assert are not ripe for adjudication.

17. The Plaintiffs' claims are barred, in whole or in part, by their failure to challenge any tax sale in the period established or required by law.

18. The Plaintiffs have failed to identify legal standing and/or capacity to prosecute this action.

19. The Plaintiffs have failed to identify how they were vested with the alleged title to the oil, gas and minerals subject to this proceeding and have failed to plead prima facie title to the oil, gas and minerals that they claim, as required by law to state a viable claim for relief.

20. The Plaintiffs have failed to plead and/or demonstrate their title to the oil, gas and minerals it claims in this proceeding.

21. The Plaintiffs have failed to specifically identify and/or articulate the specific oil, gas and mineral rights that they claim.

22. The properties subject to this proceeding were subject to laws and legislative enactments that were in effect, including but not limited to the 1804 Act, 1806 Act and 1815 Act.

23. The lands identified in this proceeding were assessed as "unseated" and the land was responsible for the taxes, not the owners thereof.

24. Where subsurface exceptions and reservations in unseated lands were not reported to the County Commissioners in accord with relevant Acts, the practical effect of tax sales of unseated lands was to extinguish all interests in the property that were not separately assessed.

25. The "Proctor and Hill heirs" failed to report their claimed oil, gas and mineral interests in these properties in accord with relevant laws applicable at the time.

26. The 1910 conveyances that the Plaintiffs refer to were between Calvin H. McCauley, Jr. and his wife Florence, and Central Pennsylvania Lumber Company and makes no reference of agency for Central Pennsylvania Lumber Company or that any party thereto was or had been acting as attorney for Central Pennsylvania Lumber Company with respect to the properties involved in this case.

27. The Plaintiffs have failed to establish or plead any facts showing the alleged agency of Calvin H. McCauley, Jr. on behalf of any individual or entity related to the purchase and/or sales of the specific properties identified herein so as to function as a "redemption". As recognized by the Pennsylvania Superior Court in <u>Keta Gas & Oil Company v. Proctor,</u> No. 1975 MDA 2018 (Pa. Super. Ct. 2018)

the Plaintiffs effectively ask the Court to improperly speculate as to the motives of individuals acting over a century ago.

28. The Plaintiffs have sat on their hands for over a century, all while witnesses crucial to the Plaintiffs' claims have died and evidence has been lost.

29. There was no "redemption" of the 1908 tax sales that the Plaintiffs reference in their Complaint.

30. IDC is a bona fide purchaser for value, with no notice of the purported claims of the Plaintiffs to the oil, gas and minerals involved herein.

31. IDC owns oil, gas and minerals in the property involved in this proceeding.

32. IDC traces its title to the oil, gas and minerals in the property involved in this proceeding to Clarence W. Moore. IDC acquired its oil, gas and minerals from the Estate of Clarence W. Moore.

33. IDC expressly reserves the right to amend and/or supplement this pleading.

34. IDC expressly reserves the right to plead further including the reservation of all affirmative defenses required to be pleaded in its initial pleading.

WHEREFORE, IDC seeks entry of judgment in its favor and against the Plaintiffs, all at the cost of the Plaintiffs, together with any and all other relief as may be appropriate.

## **JURY DEMAND**

**A jury trial is hereby demanded for any and all claims triable by jury.**

                                              Respectfully Submitted,

                                              HOUSTON HARBAUGH, P.C.

Dated: May 5, 2022                By: */s/ Robert J. Burnett*
                                                  Robert J. Burnett, Esquire
                                                  PA I.D. 76734
                                                  Brendan A. O'Donnell, Esquire
                                                  PA I.D. 309007
                                                  Houston Harbaugh, P.C.
                                                  Three Gateway Center
                                                  401 Liberty Avenue, 22nd Floor
                                                  Pittsburgh, PA 15222
                                                  (412) 281-5060

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 5, 2022, a true and correct copy of the foregoing **Answer and Affirmative Defenses to Complaint** was filed via the Electronic Case Filing (ECF) System which will forward notification of said filing to all counsel of record:

Laura A. Lange, Esquire
1670 Sturbridge Drive
Sewickley, PA 15143

and

Justin G. Weber, Esquire
Troutman Pepper
Suite 200, 100 Market Street
Harrisburg, PA 17108

***Attorneys for Plaintiffs***

          */s/ Robert J. Burnett*
          Robert J. Burnett