# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL DEVELOPMENT CORP.,<br><br>Defendant. | Civil Action No. 22-cv-00518<br><br>Hon. Matthew W. Brann<br>Chief United States District Judge |

## PROPOSED JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. Principal Issues

    1.1 Separately for each party, please give a statement summarizing this case:

**By Plaintiffs:**

This action involves a dispute as to the ownership of the subsurface rights associated with property consisting of 8 tracts of land located in Bradford County, Pennsylvania (the "Premises"). Plaintiffs are the trustees of the Thomas E. Proctor Heirs Trust ("PHT"), which is a holder of the interests of the heirs of Thomas E. Proctor. In October 1894, Proctor and Jonathan A. Hill sold the surface of the Premises, excepting and reserving unto themselves and their heirs the oil, gas and mineral rights (the "Subsurface Estate"). Defendant International Development Corp. ("IDC") now claims title to the Subsurface Estate following purported tax sales of the property assessed to the Central Pennsylvania Lumber Company

("CPLC"). The tax sale was ineffective of conveying the Subsurface Estate because, among other reasons, the severance of the Premises was reported to the County Commissioners and CPLC is estopped from acquiring better title through its own defaults, and the tax sale purchaser was an agent of CPLC who quitclaimed the property back to CPLC. Based on the forgoing, the PHT asserts it is a rightful owner of the Subsurface Estate of the Premises.

A related case involving the determination of title to the oil, gas and mineral rights to the Premises, as well as other tracts, as between the PHT and the Pennsylvania Game Commission is pending at *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. Thomas E. Proctor Heirs Trust*, Civil Action No. 1:12-cv-1567 (M.D. Pa) (Conner, J.). Following a trial on a bellwether tract, the District Court found as fact that the transaction severing the subsurface estate was reported to the county commissioners and that the tax sale purchase was the agent of CPLC, which precluded CPLC from acquiring the subsurface estate by means of the tax sale caused by its own default. Following judgment on the bellwether tract, an interlocutory appeal to the U.S. Court of Appeals for the Third Circuit is pending at Case No. 22-1587.

After PHT obtained the judgment, the Game Commission disclosed that it and IDC were involved in a dispute over which party was the successor to CPLC's rights to the oil and gas to Premises. As a result, PHT initiated this action against IDC in the event that IDC, and not the Game Commission is determined to the successor to whatever rights were held by CPLC. The litigation between IDC and the Pennsylvania Game Commission has a pending petition for allocator to the Pennsylvania Supreme Court at *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. International Development Corp. et al.*, Docket Number 216 MAL 2022.

### **By Defendant International Development Corp.:**

IDC agrees that this dispute pertains to ownership of the Subsurface Estate underlying the Premises, as described by the PHT. IDC disagrees, however, that the PHT has any interests in the Subsurface Estate.

In October 1894, Proctor and Hill sold the surface of the Premises, excepting and reserving unto themselves and their heirs the Subsurface Estate. But, Proctor and Hill's ownership of the Subsurface Estate was extinguished by tax sale because

Proctor and Hill's ownership of the Subsurface Estate was not reported to the County Commissioners. CPLC did not default in any obligations preceding the tax sale that extinguished Proctor and Hill's Subsurface Estate ownership because under the law, CPLC had no duty to pay taxes on the land in question, which was "unseated". Moreover, there was no redemption of the tax sale that included this Subsurface Estate. Thus, Proctor and Hill (and their successors) were divested of all interests in the Subsurface Estate over a century ago.

IDC has been involved in a proceeding with the Game Commission regarding ownership of the Subsurface Estate in question here. IDC commenced the proceeding before the Pennsylvania Board of Property and IDC prevailed in that forum, obtaining a determination of its rights versus those of the Game Commission. The Game Commission appealed to the Pennsylvania Commonwealth Court, which affirmed in favor of IDC. Now, the Game Commission has sought discretionary review in the Pennsylvania Supreme Court. No decision has been made on the Game Commission's Petition for Allowance of Appeal, docketed at *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. International Development Corp. et al.*, Docket Number 216 MAL 2022.

1.2    The facts the parties <u>dispute</u> are as follows:

- Whether the severance was reported to the county commissioners;
- Whether the assessment of the Premises encompassed the Subsurface Estate;
- Whether the tax sale purchaser was an agent of CPLC; and
- All other allegations in the complaint and counterclaims that are not specifically admitted.

The facts the parties <u>agree</u> upon are as follows:
- Proctor & Hill owned the entirety of the Premises prior to October 1894;
- The Premises were assessed as unseated lands;
- Proctor & Hill reserved the Subsurface Estate by their 1894 deed to the Union Tanning Company;
- Proctor & Hill sold the surface of the Premises to Union Tanning in 1894;
- Union Tanning sold the surface of the Premises to CPLC in 1903;

- Prior to June 1908, Proctor & Hill owned the Subsurface Estate and CPLC owned the surface estate;
- The Premises was subject to a tax sale in June 1908;
- In 1910, the tax sale purchaser quitclaimed the 8 tracts to CPLC; and
- In 1920, CPLC sold the surface of the Premises to the Pennsylvania Game Commission.

1.3 The legal issues the parties <u>dispute</u> are as follows:

- Whether CPLC had a duty to report its ownership interest under the Act of 1806;
- Whether CPLC had a duty to pay the taxes assessed on the Premises;
- Whether the tax sale purchase by the agent of the owner operates as a redemption; and
- Whether the CPLC tax sales extinguished the Proctor heirs' ownership of the Subsurface Estate.

The legal issues the parties <u>agree</u> upon are as follows:

- Venue appropriately lies in the U.S. District Court for the Middle District of Pennsylvania.

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**None.**

1.5 Identify any named parties that have not yet been served:

**None.**

1.6 Identify any additional parties that:

plaintiff(s) intends to join: **None at this time.**

defendant(s) intends to join: **None at this time.**

1.7 Identify any additional claims that:

plaintiff(s) intends to add: **None.**

defendant(s) intends to add: **None.**

2.0 Disclosures

**The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiffs</u>:

Ann P. Hochberg, trustee of the Thomas E. Proctor Heirs Trust
Charles Rice Kendall, trustee of the Thomas E. Proctor Heirs Trust

Disclosed by <u>Defendant IDC</u>**:**

C. David Rainey, President of IDC
Marisa Rau, Vice President and Secretary of IDC
Michael Rau, Vice President of IDC

3.0 Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>         <u>Moving Party</u>             <u>Anticipated Filing Date</u>

**None anticipated at this time.**

4.0 Discovery

4.1 Briefly describe any discovery that has been completed or is in progress:

By Plaintiffs: **Plaintiffs will serve their initial disclosures prior to the case management conference scheduled in this matter.**

By Defendant(s): **Defendant will serve its initial disclosures prior to the case management conference scheduled in this matter.**

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**The parties will serve interrogatories, requests for the production of documents, and requests for admission on each other to obtain information and documents supporting their respective positions.**

4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None.**

4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

**None.**

4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

Plaintiff(s):  **5**    Defendant(s):  **5**

    4.5.2   interrogatories to be served by:

        Plaintiff(s):  **25**    Defendant(s):  **25**

    4.5.3   document production requests to be served by:

        Plaintiff(s):  **25**    Defendant(s):  **25**

    4.5.4   requests for admission to be served by:

        Plaintiff(s):  **25**    Defendant(s):  **25**

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

> **The parties agree that all documents will be produced in portable document format (pdf). The parties will also retain the native format of any such documents created from electronically stored information to be produced upon the request of the opposing party. Due to the historic nature of this dispute, the parties do not anticipate much, if any, discovery related to electronically stored information.**

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0    Protective Order

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

**The parties do not anticipate the need for a protective order at this time.**

5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

6.0  Scheduling – **The Game Commission has filed a Petition for Allowance of Appeal in *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. International Development Corp. et al.*, Docket Number 216 MAL 2022 which remains pending before the Pennsylvania Supreme Court. The issues in that proceeding involve ownership of the Subsurface Estate as between IDC and the Game Commission.**

**The parties propose that the case management deadlines be postponed pending the disposition of the matter before the Pennsylvania Supreme Court. The parties believe that it does not make sense to expend resources to prosecute this matter until a final determination as to IDC's ownership of the Subsurface Estate between IDC and the Game Commission is obtained based on the Pennsylvania Supreme Court's disposition of the Game Commission's Petition for Allowance of Appeal at *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. International Development Corp. et al.*, Docket Number 216 MAL 2022. Following resolution of that case, the parties anticipate that a discovery period of 150 days would be sufficient and the parties would jointly propose dates.**

6.1  Final date for joining additional parties:

   Plaintiff:

   Defendant:

6.2  Final date for amending pleadings:

   Plaintiff:

   Defendant:

6.3  All fact discovery commenced in time to be completed by:

6.4	All potentially dispositive motions should be filed by:

6.5	Reports from retained experts due:

   from plaintiff(s) by

   from defendant(s) by

6.6	Supplementations due:

6.7	All expert discovery commenced in time to be completed by:

6.8	This case may be appropriate for trial in approximately:

   \_\_\_\_	240 Days from the filing of the action in this court
   \_\_\_\_	365 Days from the filing of the action in this court
   **x**	500 Days from the filing of the action in this court

6.9	Suggested date for the final Pretrial Conference:

6.10	Trial

   6.10.1 Suggested Date for the Trial:

7.0	Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority:

**For Plaintiffs:**

   **Ann P. Hochberg**
   **Trustee for the Thomas E. Proctor Heirs Trust**
   **c/o Counsel for Plaintiffs**

   **Charles R. Kendall**
   **Trustee for the Thomas E. Proctor Heirs Trust**

      **c/o Counsel for Plaintiffs**

**For Defendant:**

    **C. David Rainey**
    **President of IDC**

    **Marisa Rau**
    **Vice President and Secretary of IDC**

    **Michael Rau**
    **Vice President of IDC**

8.0    Alternative Dispute Resolution ("ADR")

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

           ADR procedure: **The parties believe that it is premature for ADR at this point, but have agreed to reevaluate the appropriateness of ADR as the matter proceeds.**

           Date ADR to be commenced:

           Date ADR to be completed:

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

> **The parties believe that it is premature for ADR at this point given the pendency of the related cases. The parties do maintain informal communications regarding possible resolution and will reevaluate utilization of a third-party mediator after resolution of the pending cases.**

9.0　Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
　　___Y　**_X_**　N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

　　____　Scranton/Wilkes-Barre

　　____　Harrisburg

10.0　Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

> **As discussed above, both parties agree that judicial economy would be served by postponing case management deadlines until appellate resolution of the related case pending before the Pennsylvania Supreme Court.**

11.0　Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to

the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: August 8, 2022

<u>s/ Laura A. Lange</u>
Laura A. Lange (PA 310733)
Litigation Counsel
Thomas E. Proctor Heirs Trust
lange@proctortrust.com
1670 Sturbridge Drive
Sewickley, PA 15143

Justin G. Weber (PA 89266)
TROUTMAN PEPPER
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Justin.Weber@troutman.com
Attorneys for Plaintiffs

☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P. 7.1 (statement filed)*


<u>/s/ Robert J. Burnett</u>
Robert J. Burnett, Esquire
Brendan A. O'Donnell, Esquire
Houston Harbaugh, PC
401 Liberty Avenue
Three Gateway Center, 22nd Floor
Pittsburgh, PA 15101

Attorneys for International Development Corporation

☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P. 7.1 (statement filed)*



* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.