IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL DEVELOPMENT COMPANY, LLC,<br><br>Defendant. | Civil Action No. 22-cv-00518<br><br>Hon. Matthew W. Brann<br>Chief United States District Judge |

## JOINT STATUS REPORT

Charles R. Kendall and Ann P. Hochberg, Trustees for the Thomas E. Proctor Heirs Trust (the "Trust") jointly with International Development Company, LLC ("IDC") (IDC and the Trust being the "Parties"), hereby submit this Status Report pursuant to this Court's Order dated July 6, 2023, and state the following:

1. This action involves a dispute as to the ownership of the subsurface rights associated with property consisting of 8 tracts of land located in Bradford County, Pennsylvania (the "Premises"). In October 1894, Proctor and Jonathan A. Hill sold the surface of the Premises, excepting and reserving unto themselves and their heirs the oil, gas and mineral rights (the "Subsurface Estate"). In 1908, the then-surface owner, the Central Pennsylvania Lumber Company ("CPLC"), failed to pay its taxes and the Premises was subject to tax sales. The purchaser at the tax

sales, Calvin H. McCauley, Jr., then quitclaimed the property, with his wife, to CPLC in 1910. In 1920, CPLC deeded the Premises to the Pennsylvania Game Commission. IDC Both IDC and the Trust claim ownership in the Subsurface Estate in the Premises. IDC and the Trust disagree about whether the 1908 tax sale divested the Trust of its title to the Subsurface Estate in the Premises.

2.  A related case involving the determination of title to the oil, gas and mineral rights to the Premises, as well as other tracts, as between the Trust and the Pennsylvania Game Commission is pending at *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. Thomas E. Proctor Heirs Trust*, Civil Action No. 1:12-cv-1567 (M.D. Pa). The Premises at-issue in this case is also within the scope of property at-issue in the *Game Commission* case. IDC is not a party to the *Game Commission* case.

3.  Following a judgment entered in favor of the Trust after a bench trial on a bellwether tract in the *Game Commission* case, the Haines Warrant (which is not one of the constituent tracts of the Premises in this case), an interlocutory appeal was filed to United States Court of Appeals for the Third Circuit, and ultimately, the Third Circuit certified a question of state law to the Pennsylvania Supreme Court (hereinafter the "*Game Commission* Appeal"). On July 6, 2023, this Court entered an order staying this action until the Pennsylvania Supreme Court rendered its determination in the *Game Commission* Appeal.

4. On May 30, 2025, the Pennsylvania Supreme Court issued its answer to the certified question in the *Game Commission* Appeal. A copy of the Pennsylvania Supreme Court's opinion is attached hereto as Exhibit A.

5. The Pennsylvania Supreme Court concluded:

> Based on the recorded provided here, McCauley's purchase of the Haines Warrant at the 1908 tax sale did not constitute a title wash but, rather, amounted to a mere payment of the delinquent taxes owed by CPLC and acted as a redemption of CPLC's prior interest in the Haines Warrant's surface estate. Accordingly, that purchase did not divest the Proctor heirs of their then-existing interest in the warrant's subsurface estate.

(Opinion, Ex. A, at 27.)

6. Following the entry of the Supreme Court's opinion, the Parties have conferred regarding the impact on the decision has on the pending case. Although the Parties agree that the Pennsylvania Supreme Court's holding about duties to pay taxes on unseated lands is relevant to legal issues in this case. The Parties differ as to the scope of the impact of the Pennsylvania Supreme Court's decision.

7. The Trust contends that the Supreme Court's opinion is dispositive in this action as it deals with the same facts and legal issues presented in the *Game Commission* Appeal. Specifically, the Pennsylvania Supreme Court determined that the CPLC tax sales operated as redemptions and, therefore, did not alter the Trust's title to the Subsurface Estate. The tax sales and the concept of "title wash"

form the basis for IDC's claim to the Subsurface Estate; thus, the Pennsylvania Supreme Court's determination eliminates IDC's claim to the Subsurface Estate.

8. IDC contends that the Pennsylvania Supreme Court decision in the *Game Commission* Appeal is not dispositive here. The Pennsylvania Supreme Court addressed a legal issue about the effect of a tax sale purchase by an agent of party that had not paid taxes (resulting in the tax sale) and whether that purchase by an agent functioned as a redemption. The Pennsylvania Supreme Court explicitly premised its legal analysis on the factual finding in the *Game Commission* case that Calvin H. McCauley, Jr. was an agent of the Central Pennsylvania Lumber Company for the purchase of the Haines Warrant. The Haines Warrant is not part of the Premises at-issue in this case and no factual findings have been established about the Premises.

9. This Court's stay was entered shortly after the close of discovery in this case.

10. The Parties propose that the Court enter an order lifting the stay and allowing a 60-day period for additional discovery. The Parties propose that the Court schedule a post-discovery status conference.

| | |
|---|---|
| Dated: June 30, 2025 | Respectfully submitted, |

By: /s/ Laura A. Lange

Laura A. Lange, Esquire
Pa.I.D. No. 310733
5519 Sterling Brook
Houston, Texas 77041

Justin G. Weber, Esquire
Pa.I.D. No. 89266
Troutman Pepper Locke LLP
Suite 200, 100 Market Street
Harrisburg, PA 17108
(717) 255-1170
**Counsel for Plaintiffs**

By: /s/ Brendan A. O'Donnell

Robert J. Burnett, Esquire
PA ID. No. 76734
Brendan A. O'Donnell, Esquire
Pa. ID. No. 309007
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 1522
(412) 281-5060
**Counsel for Defendant**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **JOINT STATUS REPORT** was electronically filed and is available for viewing and downloading from the ECF system and was sent to all counsel of record this 30th day of June 2025, via electronic service through the ECF system as follows:

>Robert J. Burnett, Esquire
>Brendan A. O'Donnell, Esquire
>Houston Harbaugh, P.C.
>Three Gateway Center
>401 Liberty Avenue, 22nd Floor
>Pittsburgh, PA 15222-1005
>
>***Attorneys for Defendant***

>By: ___/s/ Laura A. Lange___
>Laura A. Lange, Esquire
>Pa.I.D. No. 310733
>5519 Sterling Brook
>Houston, Texas 77041
>
>Justin G. Weber, Esquire
>Pa.I.D. No. 89266
>Troutman Pepper Locke LLP
>Suite 200, 100 Market Street
>Harrisburg, PA 17108
>(717) 255-1170
>***Counsel for Plaintiffs***