## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES RICE KENDALL and
ANN P. HOCHBERG, as Trustees for
The Thomas E. Proctor Heirs Trust,

      Plaintiffs,

    v.

INTERNATIONAL DEVELOPMENT
COMPANY, LLC,

      Defendant.

Civil Action No. 22-cv-00518

Hon. Matthew W. Brann
Chief United States District Judge

## LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule of Civil Procedure 56.1, Defendant International Development Company, LLC ("IDC") identifies the following material facts in support of its Motion for Summary Judgment:

1.    By way of a deed dated June 5, 1893 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania in Deed Book 197, Page 270, the Schrader Mining and Manufacturing Company conveyed 45 contiguous tracts of land in Bradford County, Pennsylvania to Thomas E. Proctor ("Proctor") and Jonathan A. Hill ("Hill") (the "Proctor-Hill Deed"). A true and correct copy of the Proctor-Hill Deed is attached hereto as **Exhibit 1**.

2.    Of the 45 tracts conveyed by the Proctor-Hill Deed, title to eight tracts of land identified by the following warrantee names is in dispute in this action: John

Adlum, John Barron Jr., John Barron Sr., Clement Biddle, Mark J. Biddle, Benjamin Pennington, Collinson Reed, and James Shoemaker (collectively, the "Premises"). [ECF 1 at ¶ 1].

3.     By way of a deed dated October 27, 1894, Thomas E. Proctor and his wife, Emma Proctor, and Jonathan A. Hill and his wife, Lucy Hill, conveyed the Premises to Union Tanning Company (the "Union Tanning Deed"). The Union Tanning Deed is recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book 205, Page 436, a true and correct copy of which is attached hereto as **Exhibit 2**.

4.     In the Union Tanning Deed, Proctor and Hill reserved the oil, gas, and minerals from the conveyance to Union Tanning Company, providing as follows:

> And the said grantors herein Thomas E. Proctor and Jonathan A. Hill hereby expressly reserve, and save to themselves their heirs and assigns, all the minerals, coal, oil, gas, or petroleum found now or hereafter in or under the surface of any or all of the lands described in each of the above mentioned parts or division, and conveyed by this indenture, together with the right and privilege of ingress, egress, and regress upon said lands for this purpose of prospecting for or developing, working, or removing the same.

*See* Exhibit 2.

5.     By way of a deed dated May 25, 1903, Union Tanning Company conveyed the Premises to the Central Pennsylvania Lumber Company ("CPLC"). This instrument (the "CPLC Deed") is recorded in the Bradford County Recorder of

Deeds at Deed Book 251, Page 520, a true and correct copy of which is attached hereto as **Exhibit 3**.

6.     The Premises went to tax sale for the nonpayment of taxes. [ECF 1 at ¶ 29].

7.     By way of a series of deeds dated June 8, 1908 (the "Treasurer's Deeds"), the Treasurer of Bradford County sold the Premises to Calvin H. McCauley Jr. at tax sale. True and correct copies of the Treasurer's Deeds are attached hereto as **Exhibit 4.**

8.     The Treasurer's Deeds were not expressly limited to the surface estate of the Premises and identified the acreage of unseated land conveyed to Calvin H. McCauley Jr. *See* Exhibit 4.

9.     The Premises was assessed and included in the Bradford County Assessment of Unseated Lands immediately preceding the Tax Sale, but the minerals, coal, oil, gas, or petroleum in and under the Premises that Proctor and Hill retained in the Proctor-Hill Deed (the "Subsurface Estate") were not separately assessed in 1907 or 1908.[1] *See* Bradford County Assessment of Unseated Lands, attached hereto as **Exhibit 5**.

---

[1] There is more than one assessment identified for the Collinson Reed and James Shoemaker in the Bradford County Assessment of Unseated Lands. Neither of these additional assessments represent the subsurface estate of either warrant. The Collinson Reed assessments are split to identify which portion of the tract remains wooded or untouched. *See* LeRoy Township Assessment of Unseated Lands,

10.    The Subsurface Estate in and under the Premises was not assessed to Proctor or Hill in the Bradford County unseated land books in 1907. *See* Exhibit 5.

11.    The Bradford County Assessment of Unseated Lands do not identify a redemption for the Premises. *See,* Exhibit 5.

12.    The Treasurer's Deeds for the Premises are not stamped with a redeemed notation. *See,* Exhibit 4.

13.    Through a deed dated December 6, 1910 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book 300, Page 401, Calvin H. McCauley Jr. and his wife, Florence M. McCauley conveyed the Premises to CPLC. A true and correct copy of this deed is attached hereto as **Exhibit 8**.

14.    By way of a deed dated December 14, 1920 (the "CPLC-PGC Deed"), CPLC conveyed the Premises to the Commonwealth of Pennsylvania, specifically the Pennsylvania Game Commission. The CPLC-PGC Deed is recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book 342, Page 376. A true and correct copy of the CPLC-PGC Deed is attached hereto as **Exhibit 9**.

---

attached hereto as **Exhibit 6**. The additional James Shoemaker assessment was associated with a portion of the warrant that was not conveyed to or by Proctor and Hill in 1893 and 1894. *See* Barclay Township Assessment of Unseated Lands, attached hereto as **Exhibit 7**.

15.    In the CPLC-PGC Deed, CPLC excepted and reserved the oil and gas underlying the Premises.[2] *See* Exhibit 9.

16.    Through a deed dated August 7, 1942 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book 415, Page 253, CPLC conveyed its interest in the oil, gas, and mineral rights underlying the Premises to Keystone Tanning and Glue Company. A true and correct copy of this deed is attached hereto as **Exhibit 10**.

17.    Through a deed dated October 29, 1943 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 418, Page 295, the Keystone Tanning and Glue Company conveyed its interest in the oil, gas, and mineral rights in a number of lands, including the Premises, to Keta Realty Company. A true and correct copy of this deed is attached hereto as **Exhibit 11**.

18.    Through a deed dated August 1, 1950 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 472, Page 234, CPLC conveyed all of its oil, gas, and mineral rights in a number of

---

[2] This was determined by the Pennsylvania Board of Property on April 15, 2021 and affirmed by the Pennsylvania Commonwealth Court on March 4, 2022. Both courts found that the CPLC-PGC Deed did not convey oil, gas, and mineral rights to the Commonwealth. Rather, it was determined that those interests were retained by CPLC and passed through the chain of title to IDC. *See Commonwealth of Pa., Pa. Game Comm'n v. Int'l Dev. Corp. and Atlantic Hydrocarbon*, No. 497 C.D. 2021 (Pa. Commw. Ct. Mar. 4, 2022).

counties in Pennsylvania, including Bradford County, to Keta Realty Company. A true and correct copy of this deed is attached hereto as **Exhibit 12**.

19. Through a deed dated March 12, 1966 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 577, Page 361, George C. Levin, the Trustee of the bankruptcy estate of Keta Gas and Oil Company (formerly Keta Realty Company) conveyed its interest in the oil, gas, and mineral rights in a number of tracts, including the Premises, to Astra Oil & Gas Corporation. A true and correct copy of this deed is attached hereto as **Exhibit 13**.

20. Through a deed dated March 31, 1966 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 578, Page 27, Astra Oil & Gas Corporation conveyed an undivided one-fourth (1/4th) interest in the oil, gas and mineral rights in the Subject Property to each of Sun Oil Company and General Crude Oil Company. A true and correct copy of this deed is attached hereto as **Exhibit 14**.

21. Through a deed dated August 25, 1971 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 609, Page 296, Sun Oil Company conveyed all of its interest in a number of tracts, including the Premises, to the General Crude Oil Company, whereupon the General Crude Oil Company was vested with an undivided one-half (1/2) interest in the oil,

gas, and minerals underlying the Premises. A true and correct copy of this deed is attached hereto as **Exhibit 15**.

22. Through a deed dated April 30, 1975 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 42, Page 804, KGA Industries, Inc. (formerly Astra Oil & Gas Corporation) conveyed any and all of its oil, gas, and mineral rights in Bradford County, Pennsylvania to Clarence W. Moore. A true and correct copy of this deed is attached hereto as **Exhibit 16**.

23. Through a General Instrument of Conveyance, Transfer and Assignment dated July 5, 1979 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 43, Page 259, the General Crude Oil Company conveyed certain interests in a number of parcels, including the Premises, to GCO Minerals Company. However, the General Crude Oil Company expressly excepted and reserved the oil and gas in these parcels, including the Premises. A true and correct copy of this deed is attached hereto as **Exhibit 17**.

24. Upon information and belief, the General Crude Oil Company merged into Mobil-GC Corporation by way of a Certificate of Merger dated July 6, 1979. A true and correct copy of this Certificate of Merger is attached hereto as **Exhibit 18**.

25. Through a mineral deed dated December 11, 1979 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book

Volume 43, Page 267, Mobil-GC Corporation conveyed its interest in the oil and gas in thousands of acres of land, including the Premises, to Mobil Oil Corporation. This conveyance was for a term of ten (10) years from July 5, 1979 and as long thereafter as oil and gas was produced or drilling or reworking operations were conducted on the properties. A true and correct copy of this deed is attached hereto as **Exhibit 19**.

26.    Through a deed dated December 5, 1983 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 693, Page 456, Clarence W. Moore conveyed his interest in the oil and gas underlying thousands of acres in Bradford County, Cameron County, McKean County, Potter County, Sullivan County, Tioga County and Warren County, Pennsylvania to the Mobil Oil Corporation. This conveyance included his interests in the Premises. A true and correct copy of this deed is attached hereto as **Exhibit 20**.

27.    Through a deed dated December 7, 1983 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 693, Page 738, the Mobil Oil Corporation conveyed its interest in the oil and gas underlying thousands of acres in Bradford County, Cameron County, Lycoming County, McKean County, Potter County, Sullivan County, Tioga County and Warren County, Pennsylvania to Clarence W. Moore. This conveyance included

Mobil Oil Corporation's interests in the Premises. A true and correct copy of this deed is attached hereto as **Exhibit 21**.

28.    As a result of the December 11, 1979 Deed, Mobil-GC Corporation possessed a reversionary interest in the oil and gas underlying numerous parcels, including the Premises. *See* Exhibit 19.

29.    Mobil Producing Texas & New Mexico Inc. is the successor-in-interest to Mobil-GC Corporation. *See infra* Exhibit 22.

30.    On February 23, 2010, Mobil Producing Texas & New Mexico Inc. executed a "Disclaimer of Property Interest" which was recorded in the Office of the Recorder of Deeds of Bradford County at Instrument Number 201004247, wherein Mobil Producing Texas & New Mexico Inc., as successor-in-interest to Mobil-GC Corporation, stated that it ". . . does hereby disclaim, release, surrender, and abandon all right, title, and interest in and to oil and gas rights in and under those certain tracts of land identified in Exhibit 'A-1' of the December 7, 1983 instrument filed of record in Book 693, Page 738 of the Records of Bradford County, Pennsylvania." The Premises is included in the list of tracts identified in Exhibit 'A-1' to this instrument. A true and correct copy of this Disclaimer of Property Interest is attached hereto as **Exhibit 22**.

31.    In a Corrective Deed dated June 27, 2011 and recorded in the Office of the Recorder of Deeds of Lycoming County, Pennsylvania at Book 7344, Page 318,

Mobil Producing Texas & New Mexico Inc., as successor in interest to Mobil-GC Corporation and ExxonMobil Oil Corporation, identified that the instrument was intended to release, surrender and terminate a reversionary interest in favor of Mobil GC Corporation in a deed dated December 11, 1979. A true and correct copy of this Corrective Deed is attached hereto as **Exhibit 23**.

32.   Although the Premises is not identified in the aforementioned Corrective Deed or the instrument referenced therein, which were recorded in Lycoming County, this Corrective Deed nonetheless describes a conveyance between Mobil GC-Corporation and Mobil Oil Corporation dated December 11, 1979 and a December 7, 1983 conveyance between Mobil Oil Corporation and Clarence Moore, which are substantially identical to instruments in IDC's chain of title. *See* Exhibits 19 and 21.

33.   Based on the Disclaimer of Property Interest, together with context provided by the aforementioned Corrective Deed, it was the intent of the Mobil Oil Corporation, inclusive of any related entities, subsidiaries or affiliates, to transfer the entirety of its interest in the enumerated parcels conveyed through a variety of instruments to Clarence W. Moore on December 7, 1983, including the Premises. *See* Exhibits 22 and 23.[3]

---

[3] IDC reasonably believes that ExxonMobil and/or XTO Energy owns the Subsurface Estate in discrete parts of the Premises. IDC does not believe that it and ExxonMobil and/or XTO Energy are cotenants in any of the Premises.

34.    Through a deed dated August 3, 2000 and recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book Volume 411, Page 738, Gerard J. Barrios, Administrator of the Estate of Clarence W. Moore, conveyed the interest of Clarence W. Moore in the oil and gas underlying the Premises and other parcels to the International Development Corporation, now known as the International Development Company, LLC (the "2000 Deed"). A true and correct copy of the 2000 Deed is attached hereto as **Exhibit 24**.

35.    By way of a confirmatory deed dated March 30, 2021 and recorded in the Office of the Recorder of Deeds of Bradford County at Instrument Number 202107299, Gerard J. Barrios, Administrator/Personal Representative of the Estates of Clarence W. Moore and Elvira Moore, confirmed the 2000 Deed and released and quitclaimed the oil and gas underlying the Premises and other parcels to the International Development Corporation, now known as the International Development Company, LLC. A true and correct copy of this deed is attached hereto as **Exhibit 25**.

36.    On August 21, 2023, the International Development Company, LLC executed a confirmatory deed, recorded in the Office of the Recorder of Deeds of Bradford County at Instrument Number 202308888, acknowledging that the International Development Corporation merged with and into the International Development Company, LLC, which now holds title to the oil and gas underlying

the Premises pursuant to the aforementioned merger. A true and correct copy of this

deed is attached hereto as **Exhibit 26**.

Respectfully submitted,

Date: August 3, 2026

By: s/ Brendan A. O'Donnell
Robert J. Burnett, Esquire
PA76734
Brendan A. O'Donnell, Esquire
PA309007
HOUSTON HARBAUGH, P.C.
401 Liberty Avenue, 22nd Floor
Three Gateway Center
Pittsburgh, PA 15222
Phone: (412) 281-5060
Fax: (412) 281-4499
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Brendan A. O'Donnell, hereby certify that a true and correct copy of the foregoing Local Rule 56.1 Statement of Material Facts was served upon the following counsel of record on this 3rd day of August 2026 via the Court's Electronic Case Filing (ECF) system which will forward notification of said filing to all counsel of record:

Laura A. Lange, Esquire
5519 Sterling Brook
Houston, TX 77041
lange@proctortrust.com

Justin G. Weber, Esquire
Troutman Pepper
Suite 200, 100 Market Street
PO Box 1181
Harrisburg, PA 17108
Justin.weber@troutman.com

*Counsel for Plaintiffs*

s/ Brendan A. O'Donnell
Brendan A. O'Donnell, Esquire