**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL DEVELOPMENT COMPANY LLC,<br><br>Defendant. | Civil Action No. 22-cv-00518<br><br>Matthew W. Brann<br>Chief United States District Judge |

**PLAINTIFFS' RESPONSE TO DEFENDANT**
**IDC'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiffs Charles Rice Kendall and Ann P. Hochberg, as Trustees for The Thomas E. Proctor Heirs Trust ("Plaintiffs"), pursuant to Local Rule of Civil Procedure 56.1, hereby respond to Defendant International Development Company, LLC's ("IDC") Local Rule 56.1 Statement of Material Facts (Doc. 34) as follows:

**Preliminary Statement:** Plaintiffs reserve all objections to IDC's characterizations, legal conclusions, and implications contained within its Statement of Material Facts. Where Plaintiffs do not dispute a fact below, it is limited to what the cited document shows on its face and does not constitute an admission of any legal conclusion regarding the effect of such document on title or ownership.

## RESPONSES TO IDC'S STATEMENT OF MATERIAL FACTS

1. Plaintiffs do not dispute that a deed dated June 5, 1893, recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania in Deed Book 197, Page 270, conveyed 45 contiguous tracts of land in Bradford County, Pennsylvania to Thomas E. Proctor and Jonathan A. Hill.

2. Plaintiffs do not dispute that title to eight tracts of land identified by the warrantee names John Adlum, John Barron Jr., John Barron Sr., Clement Biddle, Mark J. Biddle, Benjamin Pennington, Collinson Reed, and James Shoemaker defined as the Premises" is in dispute in this action.

3. Plaintiffs do not dispute that by deed dated October 27, 1894, Thomas E. Proctor and his wife, Emma Proctor, and Jonathan A. Hill and his wife, Lucy Hill, conveyed the Premises to Union Tanning Company, and that this deed is recorded in the Office of the Recorder of Deeds of Bradford County, Pennsylvania at Deed Book 205, Page 436.

4. Plaintiffs do not dispute that the Union Tanning Deed expressly reserved to Proctor and Hill, their heirs and assigns, "all the minerals, coal, oil, gas, or petroleum found now or hereafter in or under the surface of any or all of the lands described in each of the above mentioned parts or division, and conveyed by this indenture, together with the right and privilege of ingress, egress, and regress upon

said lands for this purpose of prospecting for or developing, working, or removing the same."

5. Plaintiffs do not dispute that Union Tanning Company conveyed the surface estate of the Premises to CPLC by deed dated May 25, 1903, recorded in Deed Book 251, Page 520. This conveyance was of the surface estate only; the subsurface estate had been reserved by Proctor and Hill in 1894 and was not Union Tanning Company's to convey. *See* Exhibit 2 to IDC SOF.

6. Disputed in part. Plaintiffs admit that surface estate of the Premises went to tax sale. Plaintiffs dispute any implication that the 1908 tax assessment and sale encompassed the separately reserved Proctor & Hill subsurface estate. The tax sale concerned the surface estate assessed as unseated lands; record evidence demonstrates that Proctor & Hill subsurface interests were reported and separately treated for assessment and tax purposes. *See* Barclay Township Seated Assessments, attached hereto as **Exhibit 1**; Deposition Transcript of Greg Gass, attached hereto as **Exhibit 2**, at 25:11-27:8 (testifying that seated assessments of Proctor & Hill appeared to be assessments on coal operations). Moreover, 1903 assessments for Barclay Township note that the "Shutes" items in the assessments "should be coal sheds." *See* Ex. 1 at PHT00365.

7. Disputed. The exhibit Defendant relies upon as Treasurer's Deeds do not contain Treasurer's Deeds but rather contain notations in the Treasurer's books.

*See* Exhibit 4 to IDC SOF. There is no evidence Calvin H. McCauley Jr. recorded any Treasurer's Deeds for the Premises. Plaintiffs further deny any implication that the tax sale conveyed the separately reserved subsurface estate of Proctor and Hill, which was not subject to the unseated land assessment that gave rise to the tax sale. *See* Exs. 1-2 (demonstrating separate assessments of Proctor & Hill subsurface estate). Plaintiffs further deny that McCauley's purchase at the tax sale effected anything more than a payment and redemption. *See Pennsylvania Game Commission v. Thomas E. Proctor Heirs Trust* ("PGC"), 335 A.3d 1108, 1110, 1124 (Pa. 2025).

8. Disputed. The exhibit Defendant relies upon as Treasurer's Deeds do not contain Treasurer's Deeds but rather contain notations in the Treasurer's books. *See* Exhibit 4 to IDC SOF. There is no evidence Calvin H. McCauley Jr. recorded any Treasurer's Deeds for the Premises. There is no evidence of the actual Treasurer's Deeds and what description of the lands are contained in such deeds. Responding further, the assessments which formed the basis of the tax sales identified the owner of the assessed property as the Central Pennsylvania Lumber Company. *See, e.g.,* Exhibit 5 to IDC SOF at PHT01147 (identifying owner as CPLCo in the Township column and stating "CPLCO means Central Pennsylvania Lumber Co."); *see also* Exhibit 6 to IDC SOF at PHT00980 (identifying "C. Pa. Lum. Co." as owner of the assessed warrants). The Central Pennsylvania Lumber

Company owned only the surface estate of the Premises, and therefore, the assessment and sale encompassed only the surface estate of the Premises. *See* Exhibit 3 to IDC SOF.

9. Disputed. Plaintiffs admit that the surface estate of the Premises was assessed and included in the Bradford County Assessment of Unseated Lands. The assessments which formed the basis of the tax sales identified the owner of the assessed property as the Central Pennsylvania Lumber Company. *See, e.g.,* Exhibit 5 to IDC SOF at PHT01147 (identifying owner as CPLCo in the Township column and stating "CPLCO means Central Pennsylvania Lumber Co."); *see also* Exhibit 6 to IDC SOF at PHT00980 (identifying "C. Pa. Lum. Co." as owner of the assessed warrants). The Central Pennsylvania Lumber Company owned only the surface estate of the Premises, and therefore, the assessment and sale encompassed only the surface estate of the Premises. *See* Exhibit 3 to IDC SOF. Plaintiffs dispute the assertion that the minerals, coal, oil, gas, or petroleum retained by Proctor and Hill were not separately assessed. *See* Ex. 1. Gregory Gass testified that he reviewed every page of the Bradford County unseated land books from approximately 1890 through 1930/1935, and that Proctor & Hill appeared in the seated assessment records for Barclay Township with assessments on coal operation improvements. *See* Exhibit 2, Gass Tr. at 25:11-27:8 (testifying that seated assessments of Proctor & Hill appeared to be assessments on coal operations). Indeed, 1903 assessments

for Barclay Township note that the "Shutes" items in the assessments "should be coal sheds." *See* Ex. 1 at PHT00365. Additionally, Proctor Trust correspondence establishes that George R. Hill paid taxes on account of Proctor & Hill subsurface interests due to the coal operations, which specifically included the John Barron Jr. warrant. *See* Proctor Estate Correspondence, attached hereto as **Exhibit 3** at PHT01537 (noting "[t]here have been several mines in this vicinity, the old Carbon Run mine, either on the James Biddle or on the John Barron, Jr. tract…."); *id.* at PHT01539 ("The taxes paid last year by Mr. George R. Hill on account of the Proctor & Hill interests in minerals amounted to $175.40.).

10. Disputed as incomplete and misleading. Plaintiffs admit that the Bradford County *unseated* land books for 1907 do not contain a separate line-item assessment of the subsurface estate to Proctor and Hill in those specific books. Plaintiffs dispute any implication that this establishes the subsurface estate was unassessed or untaxed. Proctor & Hill subsurface interests were assessed and taxed through other mechanisms, including seated land assessments of coal operation improvements (Exhibits 1 and 2) and direct tax payments by George R. Hill on Proctor & Hill subsurface interests (Exhibit 3).

11. Plaintiffs do not dispute that the Bradford County Assessment of Unseated Lands do not contain an express notation referring to redemption. Plaintiffs

deny any implication that the purchase at the tax sale by an agent of the defaulting owner did not operate as a redemption as a matter of law. *See* PGC, 335 A.3d 1108.

12. Disputed. The exhibit Defendant relies upon as Treasurer's Deeds do not contain Treasurer's Deeds but rather contain notations in the Treasurer's books. *See* Exhibit 4 to IDC SOF. There is no evidence Calvin H. McCauley Jr. recorded any Treasurer's Deeds for the Premises. There is no evidence of the actual Treasurer's Deeds and whether they are stamped with a redemption notation. Without producing a true and correct copy of the purported Treasurer's Deeds, Defendant cannot establish that the deeds are not marked redeemed.

13. Disputed in part. Plaintiffs do not dispute that by deed dated December 6, 1910, recorded at Deed Book 300, Page 401, Calvin H. McCauley Jr. and his wife, Florence M. McCauley, quitclaimed any purported interest in the surface estate of the Premises to CPLC. Plaintiffs dispute that McCauley possessed or conveyed any interest in the Proctor & Hill subsurface estate, which was separately reserved and not subject to the 1908 tax sale and due to the fact that his payment of the tax sale purchase operated as a redemption under the law in effect at the time of the tax sale. *See PGC*, 335 A.3d at 1110, 1124.

14. Disputed in part. Plaintiffs do not dispute that the CPLC-PGC Deed conveyed the surface estate of the Premises to the PGC. As set forth above, CPLC

did not have any interest in the Proctor & Hill subsurface estate at the time of the conveyance, and therefore, no such interest could be conveyed to PGC.

15. Disputed. The CPLC-PGC Deed was made subject to the oil, gas and mineral reservation of Proctor & Hill, which by its plain meaning did not constitute a reservation in favor of CPLC. *See* Exhibit 9 to IDC SOF. Instead, the subject to language demonstrates that all parties to the transaction understood that the Proctor & Hill subsurface estate persisted in the Premises.

16. Disputed as stated. Plaintiffs admit only that the referenced deed is a quitclaim deed in which CPLC purports to convey its interest in the oil, gas and mineral rights "if any" of certain warrants in Bradford County to its corporate affiliate Keystone Tanning and Glue Company. Plaintiffs dispute that CPLC had any such interest in the Proctor & Hill subsurface estate.

17. Plaintiffs do not dispute that by deed dated October 29, 1943, recorded at Deed Book Volume 418, Page 295, Keystone Tanning and Glue Company conveyed its interest in oil, gas, and mineral rights in a number of lands, including the Premises, to Keta Realty Company. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

18. Plaintiffs do not dispute that by deed dated August 1, 1950, recorded at Deed Book Volume 472, Page 234, CPLC quitclaims all of its oil, gas, and mineral rights in a number of counties "if any, which said Grantor may have…but no greater

right, title, and interest of, in, and to such gas, oil, and mineral rights than is now held by said Grantor." Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

19. Plaintiffs do not dispute that by deed dated March 12, 1966, recorded at Deed Book Volume 577, Page 361, George C. Levin, Trustee of the bankruptcy estate of Keta Gas and Oil Company (formerly Keta Realty Company), quitclaimed any purported interests of Keta in oil, gas, and mineral rights in a number of tracts to Astra Oil & Gas Corporation. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

20. Plaintiffs do not dispute that by deed dated March 31, 1966, recorded at Deed Book Volume 578, Page 27, Astra Oil & Gas Corporation quitclaimed a purported undivided one-fourth (1/4th) interest in the oil, gas and mineral rights in the Subject Property to each of Sun Oil Company and General Crude Oil Company. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

21. Plaintiffs do not dispute that by deed dated August 25, 1971, recorded at Deed Book Volume 609, Page 296, Sun Oil Company quitclaimed all of its interest "it may have acquired" in a number of tracts to the General Crude Oil Company. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

22. Plaintiffs do not dispute that by deed dated April 30, 1975, recorded at Deed Book Volume 42, Page 804, KGA Industries, Inc. (formerly Astra Oil & Gas Corporation) quitclaimed any and all of its oil, gas, and mineral rights which it "may have" in Bradford County, Pennsylvania to Clarence W. Moore. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

23. Plaintiffs do not dispute that by General Instrument of Conveyance, Transfer and Assignment dated July 5, 1979, recorded at Deed Book Volume 43, Page 259, the General Crude Oil Company conveyed certain interests in a number of parcels to GCO Minerals Company, and that General Crude Oil Company purported to except and reserve the oil and gas in these parcels. Plaintiffs dispute that any interest conveyed or reserved derived from the Proctor & Hill subsurface estate.

24. Plaintiffs do not dispute the statements in this paragraph.

25. Plaintiffs do not dispute that by mineral deed dated December 11, 1979, recorded at Deed Book Volume 43, Page 267, Mobil-GC Corporation purported to convey its interest in the oil and gas in thousands of acres of land to Mobil Oil Corporation, for a term of ten (10) years from July 5, 1979 and as long thereafter as oil and gas was produced or drilling or reworking operations were conducted. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

26. Plaintiffs do not dispute that by deed dated December 5, 1983, recorded at Deed Book Volume 693, Page 456, Clarence W. Moore quitclaimed his purported interest in the oil and gas underlying thousands of acres in multiple counties to the Mobil Oil Corporation. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

27. Plaintiffs do not dispute that by deed dated December 7, 1983, recorded at Deed Book Volume 693, Page 738, the Mobil Oil Corporation quitclaimed its purported interest in the oil and gas underlying thousands of acres in multiple counties to Clarence W. Moore. Plaintiffs dispute that any such interest included the Proctor & Hill subsurface estate.

28. Disputed. This paragraph states a legal conclusion regarding title to the subsurface of the Premises. Plaintiffs dispute that any such interest in the referenced deed derived from, included or affected the Proctor & Hill subsurface estate. *See PGC*, 335 A.3d at 1110, 1124.

29. Plaintiffs do not dispute the statements in this paragraph.

30. Plaintiffs do not dispute that on February 23, 2010, Mobil Producing Texas & New Mexico Inc. executed a "Disclaimer of Property Interest" recorded at Instrument Number 201004247, and that the Premises is included in the list of tracts in Exhibit 'A-1.' Plaintiffs dispute that any interest disclaimed derived from or affected the Proctor & Hill subsurface estate.

31. Plaintiffs do not dispute that a Corrective Deed dated June 27, 2011 was recorded in the Office of the Recorder of Deeds of Lycoming County, Pennsylvania at Book 7344, Page 318. Plaintiffs dispute that any interest disclaimed derived from or affected the Proctor & Hill subsurface estate.

32. Plaintiffs do not dispute that the Corrective Deed does not reference the Premises. Plaintiffs dispute that any such instruments conveyed or affected the Proctor & Hill subsurface estate.

33. Disputed. Paragraph 33 states a legal conclusion regarding the intent of Mobil Oil Corporation that is not supported by the documents cited. Plaintiffs dispute that the Disclaimer of Property Interest or the Corrective Deed transferred any interest in the Proctor & Hill subsurface estate to Clarence W. Moore or any other party in IDC's chain of title. The Proctor & Hill subsurface estate was never part of the CPLC/McCauley chain from which IDC derives its claimed title. *See PGC*, 335 A.3d at 1110, 1124.

34. Plaintiffs do not dispute that by deed dated August 3, 2000, recorded at Deed Book Volume 411, Page 738, Gerard J. Barrios, Administrator of the Estate of Clarence W. Moore, quitclaimed Moore's purported interest in the oil and gas in a number of counties to the International Development Corporation, now known as the International Development Company, LLC (the "2000 Deed"). Plaintiffs dispute that any interest so conveyed included the Proctor & Hill subsurface estate.

35. Plaintiffs do not dispute that by confirmatory deed dated March 30, 2021, recorded at Instrument Number 202107299, Gerard J. Barrios confirmed the 2000 Deed and released and quitclaimed the oil and gas underlying the Premises and other parcels to the International Development Company, LLC. Plaintiffs dispute that any interest so conveyed included the Proctor & Hill subsurface estate.

36. Plaintiffs do not dispute that on August 21, 2023, IDC executed a confirmatory deed recorded at Instrument Number 202308888 acknowledging that the International Development Corporation merged with and into the International Development Company, LLC. Plaintiffs dispute that IDC holds title to the Proctor & Hill subsurface estate underlying the Premises.

Dated: August 17, 2026

Respectfully submitted,

/s/ Laura A. Lange
Laura A. Lange (PA 310733)
5519 Sterling Brook
Houston, TX 77041
lange@proctortrust.com

Justin G. Weber (PA 89266)
TROUTMAN PEPPER LOCKE LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Justin.Weber@troutman.com

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court today via the Court's CM/ECF, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system.

Dated: August 17, 2026 /s/ *Laura A. Lange*